...

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Stephanie Deel, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) ) ) ) | 1 : 10-cv-1211 RLY -DML |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Stephanie Deel, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Stephanie Deel ("Deel"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for an HSBC credit card.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRA is licensed to conduct business in Indiana and maintains a registered agent here. In fact, PRA conducts business in Indiana. Moreover, Defendant PRA is a bad debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect.

## FACTUAL ALLEGATIONS

6. On June 24, 2009, Ms. Deel filed a Chapter 13 bankruptcy petition in a matter styled In re: McMannis & Deel, S.D. Ind. Bankr. No. 09-08978-JKC-13. Among the debts listed on Schedule F of Ms. Deel's bankruptcy petition was a debt she allegedly owed for an HSBC credit card that had been purchased by PRA after it had gone into default. See, excerpt of bankruptcy petition attached as Exhibit A.

7. On June 26, 2009, HSBC Card Services was sent, via electronic transmission, notice of the bankruptcy by the court. Moreover, on June 28, 2009 Defendant PRA was sent, via U.S. Mail, notice of the bankruptcy by the court. See, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors

and Deadlines attached as Exhibit B.

8. Moreover, several amendments were filed on behalf of Ms. Deel relative to her bankruptcy, and HSBC and PRA were sent, via U.S. Mail, notice of these amendments by the bankruptcy court on October 17, 2009, December 3, 2009, January 1, 2010 and April 7, 2010. Copies of these amendments and their certificates of service are attached as Group Exhibit C.

9. Additionally, October 14, 2009, Defendant PRA filed a Proof of Claim in Ms. Deel's bankruptcy. A copy of the Proof of Claim is attached as Exhibit D.

10. Nonetheless, PRA sent Ms. Deel a collection letter dated July 28, 2010, demanding payment of the PRA/HSBC debt. A copy of this collection letter is attached as Exhibit E.

11. All of Defendant PRA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer directly owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

16. Defendant PRA's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

19. Defendant PRA was given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue. By directly sending Ms. Deel the July 28, 2010 collection letter (Exhibit <u>E</u>), despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

20. Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Stephanie Deel, prays that this Court:

1. Find that Defendant PRA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Deel, and against Defendant PRA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Stephanie Deel, demands trial by jury.

Stephanie Deel,

By: _____
One of Plaintiff's Attorneys

Dated: September 24, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 W. Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com